POWER *vs.* PRICE.

In an action of *slander* for charging the plaintiff with *false swearing* in giving his testimony in a cause, where there is no dispute as to the facts sworn to, the question whether the evidence was material to the point in issue is a question of law to be decided by the court, and not of *fact* to be passed upon by the jury.*

ERROR from the Supreme Court.     Price sued Power in the Ontario Common Pleas in an action of *slander*, for charging him with *swearing false* as a witness, on a trial in a justice's court, in a cause in which Power was plaintiff and M'Lowth and Osgood defendants.     The charge was general, that Price had sworn false upon the above occasion.     In the declaration the trial was set forth, and it was alleged that Price was examined as a witness; but it was not averred that the testimony given by him was material to the issue.     The suit before the justice was for taking and selling a quantity of hay belonging to the plaintiff, by virtue of a warrant issued by the defendants as the trustees of a school district, to collect a tax voted at a district meeting,

---

* The supreme court held in this case that the common pleas erred in charging the jury that the plaintiff was not bound to prove *affirmatively* that the testimony given by him was *material* to the issue in respect to which he was sworn as a witness, although they *affirmed* the judgment because they agreed with the common pleas that the *materiality* of the evidence had been proved.     The CHANCELLOR, in reviewing the opinion of the supreme court, differs with that court in their condemnation of the doctrine of the common pleas; he holds where the words spoken are such as naturally to make the impression upon the minds of the hearers that the party spoken of has been guilty of the crime of perjury, that it is not incumbent upon the party prosecuting an action for the speaking of such words to prove *affirmatively* that the testimony given by him was material, but that the burden of proving its *immateriality*, and that there was no intention to impute the crime of perjury, rests with the defendant in such an action.     So, also, if the charge be *false swearing* in *some particular part* of the testimony, it is incumbent upon the defendant to show its *irrelevancy* or *immateriality*, unless the hearers must *necessarily* have understood that the testimony charged to have been false was *immaterial* or *irrelevant*.

ALBANY,
Dec. 1836.

Power
v.
Price.

held on the 22d May, 1830, which was alleged to be an *adjourned meeting* from the annual meeting held on the tenth of the same month. The plaintiff contended that the proceedings of the meeting of the 22d May were void, because the *annual meeting had been adjourned for a year previous to the adoption of the resolution* to have a special meeting on the 22d May. Price testified on that trial on the subject of the adjournment, gave an account of the proceedings of the meeting, and that he made a motion for its adjournment until the 22d May. After the trial, Power told him that he had sworn false in giving his testimony, inasmuch as he had often told him that the *annual meeting* was adjourned for a year previous to the adoption of the resolution to adjourn to the 22d May, and that he had now sworn that *he did not recollect such fact, when in truth he did recollect it.* The defendant insisted that the plaintiff was not entitled to sustain his action, because he had failed to show that his testimony, charged to be false, was *material* to the issue tried; and that from the evidence which had been given, it was apparent that his testimony was *irrelevant* or *immaterial.* The court charged the jury that the plaintiff need not prove affirmatively that the testimony given by him on the trial before the justice was *material,* and that if they were satisfied that a trial had been had before the justice, in which the plaintiff was sworn and testified as a witness, and that the words charged in the declaration had been spoken, the plaintiff had sustained his action; if, however, from the proof exhibited before them, they were of opinion that the testimony of the plaintiff before the justice was *immaterial,* then the plaintiff was not entitled to recover; but at the same time instructed the jury that *the court* were of opinion that the testimony given by the plaintiff, on the trial before the justice, was material. The jury found a verdict for the plaintiff for $300 damages, on which judgment was entered. The defendant sued out a writ of error to the supreme court, where the judgment of the common pleas was affirmed. See opinion, 12 Wendell, 502. The defendant thereupon removed the record

ALBANY,
Dec. 1836.

Power
v.
Price.

into this court by writ of error. The case here was argued by

*M. T. Reynolds*, for the plaintiff in error.

*S. Stevens*, for the defendant in error.

*Points for the plaintiff in error.* 1. The charge of the court of common pleas was erroneous, in saying that the plaintiff in that court was not bound to prove that the testimony given by him on the former trial before the justice, and in relation to which the words were spoken, was material to the issue then pending. 2. It was improper for the court of common pleas to express an opinion that the testimony given by the plaintiff on the former trial, before the justice, was proved to be material, and to take that question from the jury. 3. The supreme court erred in deciding that whether the testimony of Price before the justice was material or not, was a question of law; that being solely and exclusively a question of fact for the jury, upon which they should have been directed distinctly to pass; and not having been so directed by the common pleas, and on the contrary that court having decided that the plaintiff below was not bound to prove the materiality of the testimony given by him before the justice, the supreme court should have reversed the judgment below and directed a *venire de novo*. 4. The testimony of the plaintiff below on the former trial before the justice was not, on its face and unexplained so material, that perjury could have been assigned of it, and such explanation was not given.

*Points for the defendant in error.* 1. The court of common pleas properly submitted the question to the jury, whether the slanderous words charged in the declaration were proved or not, and the jury found, agreeable to the evidence, that they were substantially proved. 2. The opinion expressed by the first judge of the court of common pleas was correct, that the plaintiff was not bound to prove affirmatively that the testimony given by him before

the justice was material; and that having proved the trial before the justice, the testifying of the plaintiff, and the speaking of the words by the defendant charging the testimony to be false, he had maintained his suit, unless it was shown that the words were spoken of a part of the testimony, which was immaterial, or that no material testimony was given by the plaintiff. But, 3. Whether this opinion of the first judge was correct or not, the court of common pleas was correct in charging the jury that this question, whether the plaintiff was bound to prove the materiality of the testimony given by him, did not seem to arise on the trial, because it did appear that the testimony given by the plaintiff in the justice's court was material. 4. The question whether the testimony given by the plaintiff was material or not, was a question of law, and not of fact, there being no dispute in the case as to the facts, and the court properly expressed an opinion that it was material. 5. If the court erred in expressing any opinion as to the materiality of the testimony of the plaintiff before the justice, yet the whole testimouy appearing in the record and the opinion expressed by the court being manifestly correct, such expression of an opinion by the court is no ground of error or of granting a new trial.

The following opinions were delivered:

By the CHANCELLOR. The errors in this case are alleged to lie in the charge of Judge Howell to the jury, upon the trial of the suit in the court of common pleas. I cannot concur with the justice who delivered the opinion in the supreme court, that the charge was wrong even in an immaterial point. The suit was an action of slander brought against Power, for imputing to Price the crime of perjury in the testimony which he had given in a former suit, which Power had brought before a justice against the trustees of a school district. The question to be tried in the suit, therefore, was not whether Price had testified before the justice to facts which would have subjected him to punishment for perjury, if his testimony in that respect was

ALBANY,
Dec. 1836.

Power
v.
Price.

false ; but it was, whether the defendant had imputed to him the crime of perjury by the words charged to have been spoken in relation to his testimony in that suit. In other words, whether the declarations of the defendant in relation to the testimony of Price in that suit were such, in the sense in which they would naturally be understood, as to convey to the minds of the persons to whom or in whose presence those declarations were made, the impression that Price had committed perjury, and that the defendant intended to be so understood by those who heard him. In this view of the subject, although the defendant charged the plaintiff with having sworn false in a particular part of his testimony, yet, as there was nothing stated from which the hearers could suppose that this part of the testimony had nothing to do with the suit in which he was sworn as a witness, the imputation of perjury was just as plain as if he had said he had sworn false on the trial, without explaining wherein he had sworn to a lie. It was therefore incumbent on the defendant to prove that the words spoken by him related to an immaterial fact, not in issue in the cause before the justice, and that he did not intend to impute perjury to the defendant ; or that the language used by him was such as to convey the impression to those who heard him, that the matters in which the testimony was alleged to be false, were immaterial to the issue, and could not therefore amount to perjury, even if the witness had intentionally sworn false, or wilfully suppressed the truth in relation to those matters. Even as to the words spoken in the presence of persons who were at the trial, I think it was incumbent upon the defendant to show that the part of the testimony which was alleged to be false, and a lie, was not material to the issue in the cause, as it is not a necessary or a probable presumption that every person who is casually present at the trial of a suit is sufficiently acquainted with the case, and the state of pleadings therein, to be capable of forming a correct opinion as to what parts of the testimony are material and what are wholly irrelevant. Most of the slanderous words, however, were spoken to or in the hearing of persons who were not present at the trial,

and who could not therefore have had any ground for supposing that the witness had been sworn and examined as to facts which were wholly immaterial to the cause, or that the matters as to which the defendant alleged he had sworn false were of that description. The rules of law are, in theory at least, supposed to be founded upon the principles of common sense ; and I put it to the members of this court, as men of sense, whether, if one man, in speaking of the testimony of another, upon a trial which had previously been had, should say that the witness had sworn false, or lied, or sworn to what was not true, upon such trial, in relation to a particular fact, they would not, in the absence of any thing to show that such fact was not material in the suit, naturally presume and understand that he intended to impute perjury to the witness. The law is now well settled in this state, that in actions of slander the words spoken are to be taken and understood according to their plain and natural import, in the connection and in reference to the subject matter of the conversation in which they are used ; and that they must be understood by the court in the same sense in which other people would ordinarily understand them. In *Coleman* v. *Godwin,* 3 Doug. 91, Buller, justice, says, the meaning of words is to be gathered from their common import, and not from any technical legal sense. And in the same case, Mr. Justice Ashurst uses this strong language in reference to the technical quibbles by which, in some of the earlier cases, the slanderer had been permitted to escape the legal consequences of the obvious and natural meaning of his slanderous expressions : " The effect of the words on the hearers is what is to be considered, and the determinations in the old books are a disgrace to the law. If a party charges a witness with having sworn false in relation to a particular fact in a cause, which fact would not necessarily be immaterial and irrelevant, the natural effect of the words spoken is to convey to those who hear them the impression that the witness has committed perjury ; and if the defendant wishes to show that he did not intend to impute the crime of perjury to the plaintiff, but merely that he had perverted the truth in relation to an immaterial fact,

as to which his oath did not bind him to tell ·the truth, the burden of showing that the fact testified to was not material to the issue, and that it was not intended to impute to the defendant false swearing in the suit, in the ordinary sense and meaning of the term, rests upon the defendant."

In this case, however, the court was clearly right in instructing the jury that the testimony given on the former trial was proved to be material. The court, in this part of its charge, did not take from the jury the decision of any matter of fact which was proper for their cognizance : it merely decided a question of law, arising upon the proof of facts as to which there was no dispute or contrariety of testimony. This part of the charge must be taken in reference to the facts proved by Hubbell, the lawyer who was present at the trial before the justice ; who showed conclusively that the question whether the annual district meeting had adjourned *sine die* before the resolution to hold a special meeting was adopted, was a material fact in controversy before the justice ; and it was in relation to the testimony of Price as to his knowlege of such adjournment having taken place, that the defendant charged him with having sworn false and lied, in giving his testimony before the justice. The facts being undisputed, it was a question of law which belonged exclusively to the court to decide, whether those facts proved that the testimony of Price in relation to the adjournment was material, so as to have constituted the crime of perjury if he had wilfully perverted the truth in the manner charged against him by the defendant. If the court, upon an application of the counsel for the plaintiff for that purpose, had refused to instruct the jury that the testimony of Hubbell proved the materiality of this part of Price's testimony, the plaintiff might have taken a valid exception to the refusal of the court to instruct the jury upon this point of law.

The judgment in this case was therefore not erroneous, and should be affirmed.

By Senator EDWARDS. This case seems to present two important questions: 1. Was the plaintiff bound to prove, affirmatively, that the testimony he gave in the justice's court, to which the defendant alluded when he charged him with swearing to a lie, was material to the issue tried in that court? and if he was bound so to prove it, 2. Who must judge of the materiality of that testimony, the court or the jury?

The rule has been long since well settled, that to constitute slander, the charge must be such, if true, as will subject the party to an indictment for a crime involving moral turpitude, or to an infamous punishment. *Brooker* v. *Coffin*, 5 Johns. R. 188. And in the case of *Rouse* v. *Ross*, 1 Wendell, 477, the court say, the test is not whether the witness believe his testimony to be material; but whether, if false, he can be indicted for perjury. Let us then apply this test to the present case: Could Price have been indicted for perjury, had he sworn to a lie in the justice's court, without its being proved also that his testimony was material to the issue then on trial? Most clearly not. Then it follows of course, that the defendant has charged him with no crime for which he could be indicted, unless he proves the fact that the testimony alluded to, in the charge alleged to be slanderous, was material to the issue on the trial in the court to which it refers. In the case of *Bullock* v. *Coon*, 9 Cowen, 31, the court say, " If words spoken are not actionable in themselves, but become so by the circumstances under which they were spoken, those circumstances must be averred in the declaration and proved on the trial." In *Chapman* v. *Smith*, 13 Johns. R. 81, after verdict the court took it for granted that it must have been proved the words were spoken of material testimony, or the verdict could not have been obtained; and in the case of *Crookshanks* v. *Gray*, 20 Johns. R. 349, the court say, " But if it turns out in proof that the defendant did not speak of the whole evidence given, as false, but merely of that part which related to the distance, it therefore became necessary for the plaintiff to show that this was material on the trial. If

ALBANY,
Dec. 1836.

Power
v.
Price.

it has not been done, the plaintiff has not laid a foundation for a recovery, inasmuch as the evidence averred to be false is not shown to be material." It appears to me needless to multiply authorities to show a principle of law so well established and so universally acknowledged as the one recognized by the decisions to which I have referred. There can be no doubt, therefore, but that the plaintiff was bound to show, *affirmatively*, that the testimony given by him before the justice was material to the issue then on trial. It follows, *of course, that the court erred in* charging the jury that it was not necessary for the plaintiff to prove, affirmatively, that the testimony given by him on the former trial was material. On this point the supreme court appear to have arrived at the same conclusion.

The supreme court however add, we are of the opinion that the court were right in saying, the evidence before them showed that the testimony charged to be false was material to the issue before the justice ; and when there is no dispute as to facts, whether material or not is a question of law. From this part of the decision of the supreme court I entirely dissent, and this brings me to the second point suggested for consideration. Is the question of materiality a subject for the court or for the jury ? The principle is recognized and maintained, in the several decisions of the supreme court to which I have referred, that it is necessary for the plaintiff to *prove* the materiality of the testimony in the justice's court, to which the words alleged to be slanderous refer ; and in the decision now under review, the supreme court say: " The court undoubtedly erred in laying down the position, that the plaintiff was not bound' to prove that the testimony which he gave, on the trial before the justice, was material to the point in issue, in respect to which the charge of false swearing was made by the defendant." If it is a matter of testimony, a fact the plaintiff is bound to prove, and so important that he cannot maintain his action without proving it, who are to weigh the testimony and determine whether the fact is proved? Is it not addressed to the jury? and are not they to deliberate upon it, and to be satisfied whether it proves

this fact that the testimony was material, and as they
shall satisfy themselves, from their own deliberations, find
their verdict? Could they conscientiously discharge the
duty their oath imposes upon them, by relying upon the
opinion of the court upon a matter of fact? a matter of fact
which appears to constitute the gist of the action, without
the proving of which no recovery could be had. If the
court can take from the jury the right to determine whether
a fact so important is proved, they can take from the par-
ties the whole benefit of a jury—for by weighing this testi-
mony, and deciding this question, it would be for the court
to say, instead of the jury, whether the plaintiff should re-
cover or not, in actions of this description. In the case of
*Greenleaf* v. *Birth*, 9 Peters, 299, the court say we cannot
legally give any instructions which shall take from the jury
the right of weighing the evidence and determining what
effect it shall have; but in the case now under review, the
court clearly did give instructions to the jury which took
from them the right of weighing the testimony as to this
important fact; for the common pleas say, " The question
whether the plaintiff was bound to prove the materiality of
the testimony given by him on a former trial, did not seem
to arise in this cause, because, in the *opinion* of the court,
the testimony given by the plaintiff, on the former trial, was
*proved to be material;*" and thus is clearly substituted the
opinion of the court for the verdict of the jury, in determining
whether a matter of fact is proved, without the proving of
which the action cannot be maintained; and the jury, instead
of finding the facts on which they are to render their verdict,
merely make an assessment of damages. I cannot admit the
court possessed the power they exercised in their charge to
the jury, and I am therefore of the opinion that the charge
was erroneous in both of the particulars in which I have con-
sidered it, and that the judgment of the supreme court should
be reversed.

On the question being put, *Shall this judgment be reversed?*
the members of the court voted as follows:

ALBANY,
Dec. 1836.

*In the affirmative*—The PRESIDENT of the Senate, and *Senators* BECKWITH, EDWARDS, FOX, HUNTINGTON, LOUNSBERRY and TRACY—7.

*In the negative*—The CHANCELLOR, and *Senators* ARMSTRONG, DOWNING, HUNTER, GANSEVOORT, H. F. JONES, J. P. JONES, MACK, MAISON, POWERS, SEGER, SPRAKER, STERLING, WAGER, and WILLES—15.

Whereupon the judgment of the supreme court was AFFIRMED.