Caria, per

O’Neall, J.
This was an action of slander, for words spoken. The declaration sets out, by way of inducement, that a case had been pending before and tried by Jesse Johnson, one of the Justices of the quorum for Laurens district, in which the defendant, as administrator of James M. Dillard, deceased, was plaintiff, and Jerry Joiner was defendant; and that this plaintiff, on the trial of that case, was examined as a witness; and that the defendant, in a conversation of and concerning that suit, and of the testimony given by the plaintiff, said, “ you did not swear the truth in the case of myself, administrator of James M. Dillard, deceased/ and Jerry Joiner;” “you swore falsely before Jesse Johnson, Esq., on the trial of the case of myself vs. Jerry Joiner;” “you swore a lie before Jesse Johnson, Esq., on the trial of the case of myself and Jerry Joiner.” These words were also charged as ■uttered in the third person; and other words of similar import, were also charged. There was no averment in the declaration, that the Justice had jurisdiction of the case, or that the testimony of the plaintiff, to which the words referred, was material to the point in issue before the Justice. On the trial in the first instance, when the p laintiff was about going into proof of the testimony giv *116 en by him, and as to which the words were spoken, the defendant’s counsel objected to the proof, on the ground that there was no averment of the materiality of such testimony in the declaration, and hence no such proof could be received. This objection was sustained, on the ground that it was wholly immaterial whether the testimony was or was not material. In a subsequent stage of the case, it, however, appears, that Esquire Johnson stated the plaintiff, in answer to a question put by the defendant, “ whether the $15, the subject matter of the suit was placed in the store of Dillard & Dalrymple V’ answered, “ that it was not, that he knew of.” At the closing of the plaintiff’s, ease, a motion was made for non-suit, on various grounds, which have been again urged in this Court. In the de-fence, the fact that the plaintiff proved before the Justice, and about which the defendant alleged the false swearing, was brought out from John C. Johnson, who said the question asked of the plaintiff was, “ whether the $15, for which Joiner held a receipt against the firm of Dillard & Dalrymple, had gone into the lower firm 1” “Dalrymple said, not as he knew of.” From the pleading and the testimony, I suppose that Joiner was sued on a demand which he owed to Dillard alone, and that he set up, by way of discount, or payment, the receipt of Dillard & Dal-rymple, for $15. Thus stated, we can see and understand what was perhaps the issue before the Justice, and the application of the proof. The defendant contended that the testimony given by this plaintiff, and of which he spoke, was immaterial, and hence, that in law, there was no slander. The presiding Judge held, that the words imputed perjury, and whether the testimony of the plaintiff was material, or not, on the trial before the Justice, was a wholly immaterial question; and declined to charge the jury that “ if the evidence given by the plaintiff' was immaterial to the point in issue, that the action could not be maintained.” The jury found a verdict for the plaintiff of $500 damages.
The grounds taken in arrest of judgment, cannot avail the defendant. It is very clear, on authority, that it is not necessary to aver in the declaration, that the Justice bad jurisdiction of the cause in which the plaintiff was sworn *117 as a witness, or that his testimony was material. Both of these are presumed, until the contrary appears. 2 Blackford, 242; Niven vs. Munn, 13 J. R. 48; Chapman vs. Smith, 13 J. R. 78; Crookshanks vs. Gray, 20 J. R. 344; Hamilton vs Langley, 1 McMull. 498. This last authority is indeed decisive of the grounds in arrest of judgment, for it is the judgment of our own Court of Appeals, in December, 1835, upon the points now made.
The 1st ground of non-suit cannot help the defendant. The testimony is not explicit, that this plaintiff was sworn as a witness for the defendant, in the cause before the Justice, but it may be, for aught which appears on the Judge’s notes, that such was the fact, and after verdict, unless it be plain that no such testimony was given, it is in vain to ask for a non-suit. The 3d ground for non-suit was not argued here; and we may, therefore, conclude, that it was intended to be abandoned. If, however, it was not, it is only necessary to refer to the Judge’s notes, to see that the words were, in substance, proved as laid. The 2d ground of the motion for nonsuit and all the grounds for new trial relate to the same question, whether the materiality of the testimony given by the plaintiff to the issue before the justice, was, in any shape, or by either party to be inquired into on the trial of this case.
There is a wide distinction between words, which, in themselves, import a crime, and words, which in themselves have not that meaning; but which have that effect by their reference to some extrinsic circumstances. In the first class, if the person uttering the words does not, at the time, add other words, which apply them to a transaction out of which no crime could arise, or if the witnesses do not understand them as so applying, then no matter to what subject the party speaking really intended to apply them, the words are actionable. Pegram vs. Styrom, 1 Bail. 595. In the second class, the words are actionable by being connected with the extrinsic circumstances, which raise the belief that a crime was imputed. To say of one “you swore a lie before Esq. Lampkin,” without a colloquium is not actionable. For it may be that the oath was extra judicial. But if there be a colloquium, referring to the trial of a cause before a justice in which the plain *118 tiff was examined as a witness, and in it it is avered that the defendant speaking of such trial and testimony spoke the same words, they would be actionable. For under such circumstances, they impute a false swearing in a court of justice, which prima facie imports perjury. If these general facts so averred be proved, it . is enough on the part of the plaintiff. For, as was said by my brother Earle, in the case of Hamilton vs. Langby, “the presumption is that what a witness swears is material, and if the defendant expects to avoid a recovery on that ground, he must show that the particular oath charged to be false was on an immaterial point." If the defendant cannot show that in point of fact, no perjury could have been committed in the transaction to which he alluded, then, he is answerable for the legal consequences of slander, no matter what might have been his intention. But if the defendant can show, that perjury could not arise out of the transaction to which he alluded, then, I think, he will have shielded himself frdm the consequences of his rash speaking. For the ground, on which the action of slander for words actionable, per se, proceeds is, “that if true they would subject the plaintiff to infamous, legal punishment.” If the defendant is able to show that even if his words be true, that yet no crime could exist, how can it be pretended that the plaintiff in slander can be entitled to recover damages, when the ground of the action is removed'? To affirm this .question a person must bélieve that a building can stand after the foundation has been swept away. By way of illustration; let us suppose, that the defendant could show, that Mr. Justice Johnson who tried this cause and whose jurisdiction is limited to matters of contract, had issued a summons in slander, and that the plaintiff, on the trial of that case, had been examined as a witness, and that it was of his testimony thus given the defendant spoke, when he uttered the words, would not such a showing as satisfactorily show, that there could not arise an imputation of perjury from the words spoken, as would be the case, if the plaintiff, as a witness, had never been sworn or examined? I think'so. For if the justice had not jurisdiction, in law there was no suit, no oath, no examination. So if the testimony given was clearly imma *119 terial to the issue, it follows that, as one of the ingredients of perjury is wanting, the plaintiff’s words, although prima facie importing a crime, yet, when sifted, cannot have that meaning, because out of the matter to which they referred there could not be perjury. I should hence conclude from general reasoning, that the defendant might inquire as to the materiality of the testimony given by the plaintiff on the trial before the Justice, and show, if he could, that it was wholly immaterial. This I think consistent with all authority.
In Parmer vs. Bogan, So. Ca. Rep. (Cheves,) 52, (which is very imperfectly reported, and which will, I hope, be more fully done in a note to this case,) the defendant argued, that he was entitled to a nonsuit, on the ground that the materiality of the plaintiff’s testimony, to which the defendant’s words referred, was not shown. The Court in the opinion did not contest the ground, but showed that the materiality was sufficiently established. The plaintiff’s testimony in that case was given in the Court of Common Pleas, and we all then thought, that it was sufficient for the plaintiff to show that in fact a suit was tried in the Common Pleas, in which the plaintiff was sworn and examined as a witness: but as it was unnecessary for the decision of that case to give that opinion, it was withheld. That opinion is, however, consistent with this. For there, there was no attempt on the part of the defendant to show the immateriality. His complaint was that the plaintiff’s proof was not enough to go to the j ury.
I have referred to the case from 2d Blackford’s Rep. 242; and it is full to the point, that if the materiality be not shown by the plaintiff, it is not a ground of non-suit, and so far, I fully agree with it. There is nothing in it which impinges the doctrine that the defendant may inquire as.to the immateriality, and if it is made out by the defendant, that it would be a good defence. In Chapman vs. Smith, 13 J. R. 78, the great Judge,.(Mr. Justice Spencer) who delivered the opinion of the Court, after overruling the objection that the Justice’s jurisdiction was not averred in the declaration and the objections to the verdict, states the precise rule for which I am contending. “On the trial (he says) it would have been competent to either party, to inquire in reference to what part of the evi *120 dence given the words were spoken; and if it had appeared, that they were spoken of evidence entirely immaterial, it is not to be presumed that the plaintiff below would have obtained a verdict.” ibid, 81. In Crookshanks vs. Gray, 20 J. R. 344, the precise point was made, and decided. Woodworth J. speaking of it said, “on the trial of this cause it was competent to either party to inquire, in reference to what part of the evidence given, the' words were spoken, and if they.were spoken of evidence entirely immaterial the plaintiff cannot recover.”. Ibid. 349. In Power vs. Price, 16 Wend. 450, in a note, the Chancellor states the rule to be, “where the words spoken are such as naturally to make the impression upon the minds of the hearers, that the party spoken of has been guilty of the crime of perjury, it is not incumbent upon the party prosecuting an action for the speaking of such words, to prove affirmatively that the testimony given by him was material, but the burthen of proving its immateriality, and that there was no intention to impute the crime of perjury, rests with the defendant.” After these authorities, the rule for which I am contending may be considered as definitively settled. It only now remains to apply it to this case. The defendant, under it, has no pretence to call for a non-suit. The case was prima facie made out by' proof of .the publication of. the words, in reference to the trial before Esquire Johnson, in which the plaintiff was examined as a- witness. If it had appeared from the plaintiff’s proof, that the testimony was to an immaterial point, then the plaintiff ought to have been non-suited. But it is not clear, from the proof of the magistrate, (which was the testimony on' the part of the plaintiff,) that such was the fact. In a subsequent stage of the case, and on the part of the defendant, it may be, that the proof under the pleadings showed that the testimony could not have been material; for it is plain,- that the case before the Justice, from the statement in the declaration, was in the right of Dillard alone, while the proof given, applied to a defence which could only be legally set up against Dillard & Dalrymple, or Dalrymple, as survivor of the firm. This was, however, to be considered by the jury; and the defendant had., therefore, the right to have *121 them instructed, that if they believed the fact to be that the testimony given by the plaintiff, and to which the defendant’s words referred, was immaterial, that then they could not be regarded as legal slander. In Christie vs. Cowell, 14 Petersdf. Abr. marg. p. 683, the words were, “he is a thief, for he has stolen my beer.” “It appeared that the defendant was a brewer, and that the plaintiff had lived with him as a servant, in the course of which service he sold beer to different customers of the defendant, and received the money for the same, for which he had not duly accounted. Lord Kenyon directed the jury to consider whether these words were spoken in reference to the money received and unaccounted for by the plaintiff, or whether the defendant meant that the plaintiff had actually stolen beer; for if they referred to the money unaccounted for, that being a mere breach of contract, the word, thief, would not make it actionable.” That case, perhaps, goes beyond what I think the true rule as to words, in themselves, imputing a crime. For in such a case, there must be something to qualify the legal sense of the words attending their publication. Yet, where the words, as in this, case, depend upon something extrinsic to make them slanderous, it furnishes the true and proper rule; for, in such a case, it is for the jury to say, whether the words applied to immaterial“testimony, and if they did, they should have been told, as Lord Kenyon told the jury, in Christie vs. Cowell, that they were not actionable. This instruction the presiding Judge refused to give, supposing that under the pleading, the question, whether the testimony given by the plaintiff before the Justice, was immaterial, could not arise. In this he was clearly mistaken; for the question arose on the proof, not on the pleading. And, as in every other case going to a jury, the parties are entitled to have them fully instructed upon the law arising out of the facts proved. This was not done, and as a matter of right, the defendant is entitled to a new trial, the motion for which is, therefore, granted.
JOHN BELTON O’NEALL.
We concur. J. S. Richardson, Josiah J. Evans, B. J. Earle, A. P. Butler.