ALBANY,
January, 1816.

NIVEN
v.
MUNN.

NIVEN *against* MUNN.

A declaration in slander, for charging the plaintiff with *swearing to a lie*, as a witness on a trial, in a justice's court, in which it is not stated that the justice had jurisdiction, or that the testimony was given upon a material point, is good; at least, after verdict.
The same certainty is not requisite as in an indictment for perjury.

THIS was a motion in arrest of judgment in an action of slander, in which a verdict was given for the plaintiff.

The declaration contained two counts; the first count stated that the defendant, in a certain discourse which he had of and concerning the trial of a certain cause between *David Munn* and *John Wilson*, then lately had, before *Samuel Barnard*, Esq. a justice of the peace, in and for the county of *Sullivan*, and of and concerning the testimony of the plaintiff, who was sworn as a witness, by the said *Samuel Barnard*, (he being a justice as aforesaid, and having full power and lawful authority to administer an oath,) on the trial of the cause, and testified as a witness therein, spoke and published, concerning the plaintiff, these false, scandalous, malicious, and defamatory words, " *what he* (meaning the plaintiff) *has sworn to is a damned lie,*" (meaning thereby, that the plaintiff had perjured himself on the trial of the said cause.)

The *colloquium*, words charged, and *innuendoes*, in the second count, were the same as in the first.

*Brackett*, for the plaintiff, objected, preliminarily, that the whole record ought to be produced, and not the declaration merely, in which the defect is alleged.*

* 1 Salk. 77. 325.

THOMPSON, Ch. J. It has not been the practice, in this court, to produce the whole record, but the declaration only, adding that a verdict has been found for the party.

*Betts*, for the defendant. He cited 1 *Caines' Rep.* 349. & *Johns. Rep.* 109. *Hawk. P. C. B.* 2. ch. 25. s. 57. 1 *Hawk. P. C.* ch. 69. s. 4. 1 *Term Rep.* 69. 6 *Johns. Rep.* 82. 2 *Chitt. Pl.* 258. 4 *Bl. Com.* 137, 138.

*Brackett*, contra.

PLATT, J., delivered the opinion of the court.

ALBANY,
January, 1816.

NIVEN
v.
MUNN.

This is a motion in arrest of judgment, after verdict for the plaintiff, in an action of slander.

I think *both counts* in the declaration are good.

To say of another, that " he has sworn falsely," or that " he has sworn to a lie," is not actionable, without a colloquium of its being in a cause pending.   (*Hopkins* v. *Bedle*; 1 *Caines*, 347.   *Stafford* v. *Green*, 1 *Johns. Rep.* 505.)

Here *is* a colloquium:   The words, " *what he has sworn to, is a damned lie*," are averred to have been maliciously spoken in a discourse, " of and concerning the trial of a certain cause between *David Munn* and *John Wilson*, then lately had before *Samuel Barnard*, Esq., one of the justices of the peace, in and for the county of *Sullivan ;* and of and concerning the testimony of the said *Niven*, who was sworn as a witness on the trial of the same cause, by *Samuel Barnard*, (he being a justice as aforesaid, and having full power and lawful authority to administer an oath,) and testified as a witness on the trial."   All that is wanting to render this a complete and formal definition of *perjury*, is, 1st. That it is not expressly averred that the testimony of *Niven* was in a cause in which the justice *had jurisdiction ;* and, 2dly. It is not expressly stated that the testimony spoken of was upon a *point material* in the cause.

But it was well said, in the cause of *Miller* v. *Miller*, (8 *Johns. Rep.* 74.,) that " it is not necessary, in order to render words actionable, that there should be the same certainty in stating the crime imputed, as in an indictment for the crime."

The present case, I think, exemplifies the truth of that proposition.   The discourse to which the words related, was sufficiently explanatory to effect the purposes of slander ; and such as could leave no reasonable doubt that it was intended, by the defendant, to accuse the plaintiff of *perjury*.   Besides, the averments are to be construed less strictly *after verdict.*

The plaintiff is entitled to judgment.