## EMERY *vs.* MILLER.

Where a declaration in slander stated a complaint before the grand jury, and that the plaintiff was sworn and gave evidence upon such complaint, and contained a *colloquium* concerning the evidence so given, and charged the defendant with having spoken words in themselves imputing perjury to the plaintiff in giving such testimony; *held*, that the action could not be sustained without proof of such proceedings before the grand jury.

The case of *Jacobs* v. *Fyler*, (3 *Hill*, 574,) commented on and explained.

Where it was proved that the defendant had said of the plaintiff that he had stolen "the Spaniard's money;" such words being laid without any averment or colloquium respecting the loss or stealing of such money; *held*, that the plaintiff was not entitled to prove a report in the neighborhood that a Spaniard's money had been stolen.

SLANDER, tried before DAYTON, C. Judge, at the Erie circuit, in November, 1842. The declaration contained several counts. The introduction to the first and second, after the usual inducement of good character, &c. set forth that a complaint was pending before the grand jury of Erie county, duly summoned,

Emery *v.* Miller.

&c. at a court of oyer and terminer then lately held before, &c. against the defendant and others for a riot, &c. and that on such complaint the plaintiff was sworn as a witness and examined on oath, that it became a material enquiry whether the defendant was *at the place* of the riot, at the time when, &c. The first count then proceeded to state that the defendant, well knowing the premises, in a certain discourse which he had of and concerning the plaintiff, *and of and concerning the evidence by him given before said grand jury,* said of said plaintiff, and *of and concerning said evidence,* the words following : " As soon as the court sits I will have Stilwell and Emery (the plaintiff) taken up for false swearing. Colonel Emery testified before the grand jury that he heard my voice at the time of the riot, and I can prove that I was not there, and Emery has sworn false. I will *law* him and Stilwell two years, certain. I have as much money to spend as they have, and will spend it as freely." (Thereby then and there meaning that he the said plaintiff, in giving his evidence as such witness *before the grand jury as aforesaid,* had committed wilful and corrupt perjury.) The second count contained words of similar purport with some verbal variations, and was connected with the introductory matter in the same manner. The other counts had no reference to the introductory matter, but set forth words actionable in themselves. The defendant pleaded not guilty.

On the trial, the plaintiff called a witness and commenced examining him to prove the words set out in the first and second counts of the declaration, and the defendant's counsel objected to any proof of the words set forth in those counts until proof had been given of the organization of, and of the proceedings before the grand jury, unless the plaintiff's counsel would state that they intended to make such proof, which they declined ; but the circuit judge decided that it was unnecessary to prove the empanneling of the grand jury, or the proceedings before them, and that the plaintiff was entitled to prove the words laid in the first and second counts without such other proof, and the defendant's counsel excepted. The plaintiff then gave evidence to prove the speaking of the words laid in these counts and of

the actionable words set forth in the other counts.  In connex ion with the evidence to prove the words respecting "the Span iard's money," the plaintiff enquired of a witness whether there was a report in the neighborhood that a Spaniard's money had been stolen.  The question was objected to by the defendant's counsel, on the ground that there was no foundation laid for such proof in the declaration.  The objection was overruled. The defendant's counsel excepted, and the witness answered that there *was* such a report.  Much other testimony was given, and several questions of law were raised and disposed of; and after the evidence was closed the defendant's counsel requested the judge to charge, among other things, that the plaintiff had failed to prove the charge contained in the first and second counts, because he had not proved the proceedings before the grand jury set out in these counts.  The judge declined so to charge, and the defendant's counsel excepted.  The jury found a verdict for the plaintiff for four hundred dollars.  The cause came before the court on a bill of exceptions.

*S. E. Sill,* for the defendant.

*A. Sawin,* for the plaintiff.

*By the Court,* BEARDSLEY, J.   The first two counts in the declaration state that a court of oyer and terminer was held in and for the county of Erie, before certain judges whose names are given; that a grand jury was duly empanneled and sworn at said court; that a certain complaint was pending before said jury, in respect to which the plaintiff was sworn and examined as a witness, and that the defendant, subsequently, charged the plaintiff with having sworn · falsely in the evidence so given by him.

The slanderous words are thus laid as spoken in reference to a particular occasion, and they must be proved substantially as laid.  To admit proof of a general charge, when the plaintiff sets up that he was aggrieved by a particular one, might mis-lead the defendant, and would be against well settled principles. The defendant must meet the charge made against him in the

declaration. If that is particular and he would justify by proving its truth, the justification must meet the specific charge and need not go beyond it. As the plaintiff thus limits the defence to a particular subject and occasion, it would be palpably unjust to allow evidence of a different charge to be given. Parties must state the cause of action upon which they rely, with reasonable certainty and precision, and a substantial departure, on the trial, from the case made by the pleadings, is not to be allowed. (*Aldrich* v. *Brown,* 11 *Wend.* 596.)

What was said by the late Mr. Justice Cowen, in *Jacobs* v. *Fyler,* (3 *Hill,* 574,) should not be understood as conflicting with these views. " It is not even necessary," he there says, " to prove that a suit was pending, or to show that the colloquium referred to any suit in particular, *where the words in themselves amount to a charge of perjury.*" This remark was not made on a question of variance, but to show that certain words are actionable *per se,* as amounting to a direct imputation of perjury ; and thus understood, the remark is correct. But it must not be taken to affirm that general words, importing a charge of perjury, can be proved to support a declaration which alleges that the charge was specific and particular.

The first two counts are of the latter description, and the matters alleged, which point the slanderous imputation to the evidence given by the plaintiff on a particular occasion, should have been proved. The judge erred in holding this to be unnecessary. (*Bullock* v. *Koon,* 9 *Cowen,* 30 ; 4 *Wend.* 531, *S. C. ; Power* v. *Price,* 16 *Wend.* 467 ; 2 *Stark. on Sland.* 12, 50 ; 1 *id.* 406.)

The evidence of a report that a Spaniard's money had been stolen, was improperly admitted. It was wholly irrelevant to any question before the jury, and should have been rejected.

Various other points are made in the bill of exceptions, but they are not, in all respects, stated with as much particularity and distinctness as they should be, and as the cause must go down for a new trial, they are not examined.

New trial ordered.