Coons *v.* Robinson.

---

RENSSELAER GENERAL TERM, June, 1848. *Paige, Watson,* and *Parker,* Justices.

### COONS *vs.* ROBINSON

In an action for slander, in charging the plaintiff with perjury, committed in testifying as a witness on a trial in a justice's court, the plaintiff is not bound to show affirmatively the materiality of his testimony on the trial before the justice.

In such a case the law presumes the testimony of the plaintiff was material, unless the defendant proves it to have been immaterial; as he has a right to do.

The defendant cannot be allowed to show, in such an action, that his charge of perjury referred to the plaintiff's cross-examination, and that the testimony the plaintiff gave on such cross-examination was immaterial; unless he also offers to prove that his charge was confined to the evidence given by the plaintiff on such cross-examination. If the charge was general, evidence of that nature is inadmissible.

The words " he, [the plaintiff] has sworn to a lie, and done it meaningly to cut my throat," necessarily convey to the minds of the hearers an imputation of perjury; and they are therefore actionable *per se.*

And under counts charging the speaking of the words, without any colloquium

Coons *v.* Robinson.

concerning the suit in which the perjury was alleged to have been committed, the plaintiff is entitled to a verdict, without proving the suit, or the proceedings therein, or that the words referred to any suit in particular.

THIS was an action for slander, tried before PARKER, Cir. Judge, at the Rensselaer circuit in May, 1846. The declaration contained six counts. In the first count the plaintiff set forth a suit before a justice, in which the defendant was plaintiff and one Fowler was defendant; that the justice had jurisdiction of the suit; that on the trial of such suit the plaintiff was sworn as a witness for Fowler, and gave material evidence in his behalf. The first four counts charged the uttering of the slanderous words, with a colloquium in relation to such suit and to the evidence given by the plaintiff therein. The last two counts charged the speaking of the words alleged to be slanderous, without any such colloquium, or any reference to the suit before the justice, or to the evidence given by the plaintiff in such suit. On the trial the plaintiff proved the pendency of the suit before the justice, and that the plaintiff was sworn as a witness in that suit for Fowler, the defendant therein. The counsel for the defendant then objected to any proof of the speaking of the words charged in the declaration, until the plaintiff had proved what the issue was before the justice, and what testimony Coons, the plaintiff in this suit, gave before the justice; to the end that the court and jury might determine whether such testimony was material to the issue. But the judge overruled the objection, and the defendant excepted. The plaintiff then proved that after Coons had been sworn and examined as a witness before the justice, and while another witness was under examination, Robinson the defendant said to Coons, " God damn you, Coons, you have sworn to a damned lie. You meant to do it, to cut my throat." The justice testified that he thought Robinson was in the room when Coons gave his testimony. The plaintiff also proved that the defendant, on the same occasion, said " he [speaking of Coons] had sworn to a lie, and done it meaningly to cut his throat." The defendant, when the plaintiff rested, asked the court to say whether there was evidence enough to sustain the plaintiff's

Coons *v.* Robinson.

action, inasmuch as there was no proof that the words were spoken in relation to the evidence of Coons. The judge said, in reply, that the evidence was sufficient to authorize the submission of the cause to the jury. The defendant excepted. The defendant proved that he was not in the room when Coons was examined as a witness. The defendant said to the plaintiff, "I will see you out doors, &c.; we will step out and settle this matter in a few minutes between ourselves." The plaintiff's counsel inquired of the witness whether this was said in a threatening or neighborly manner. This question was objected to by the defendant as being matter of opinion. The judge overruled the objection, and the defendant excepted. The defendant offered to prove all the testimony which Coons gave on his cross-examination, before the justice, and that that only was communicated to the defendant by his ocunsel; that it was immaterial, and that the words uttered by the defendant were spoken in reference to that testimony. The circuit judge decided that he would exclude the same, unless the defendant proposed, in addition, to prove, that the charge of the defendant was in its terms confined to the cross-examination; and, if he should by his proof so vary the words as to limit the charge to such cross-examination, that then he would admit the evidence. The defendant failed to prove that the charge was so limited. The defendant renewed substantially the same offer, and the circuit judge ruled that the defendant might show what he said in relation to the plaintiff's testimony; if it appeared that the charge was qualified or limited to the plaintiff's cross-examination, or t) a part of his testimony only, the defendant might prove such part immaterial : otherwise he must prove the entire testimony given by the plaintiff to be immaterial. To this decision the defendant excepted. The judge charged the jury, that to maintain the action it was not necessary to prove that the defendant charged the plaintiff with perjury, in terms ; that if he accused him of having sworn falsely in giving his testimony on the trial of the cause before the justice, the charge imputed perjury; that in the latter case, however, it was incumbent on the plaintiff to show

Coons *v.* Robinson.

that the words spoken had reference to the testimony given by him on such trial; but that he need not prove, affirmatively, that his testimony was material; that when the charge, as in this case was general, the law, in the absence of any proof to the contrary, presumes and intends it to have been material; and that if the jury believed the evidence produced on the part of the plaintiff, his cause of action was made out. The defendant requested the judge to charge, 1. That none of the words proved were actionable in themselves, and that the plaintiff, to sustain the action, must prove that the words were spoken in reference to material testimony given by the plaintiff; in answer to which the judge remarked he had so charged the jury. 2. The defendant also requested the judge to charge the jury, that there was no evidence showing what the testimony was which Coons gave; whether it was material or not. In reply to which request the judge remarked to the jury, " that is true, but the law presumes the testimony was material, unless the defendant proved it to be immaterial, which he had a right to do." To this the defendant excepted. The jury rendered a verdict for the plaintiff.

*J. Pierson,* for the defendant.

*D. L. Seymour,* for the plaintiff.

*By the Court,* PAIGE, J. The points raised on the trial, and on the argument of this cause, were 1. Whether the plaintiff, after proving the pendency of the suit before the justice, and that the plaintiff was examined as a witness therein, was bound to show affirmatively that he, on the occasion referred to, gave evidence material to the issue on trial; and 2. Whether the circuit judge erred, in rejecting the testimony offered by the defendant, that only the evidence given by the plaintiff on his cross-examination was communicated to the defendant, that such evidence was immaterial, and that the words uttered by the defendant were spoken in reference to such evidence; unless the defendant proposed to prove, in addition, that the charge made by

the defendant was in terms confined to the evidence given on such cross-examination. When the judge made this decision, he stated that the defendant was at liberty to prove that the whole of the evidence given by the plaintiff was immaterial. There was evidently no force in the objection, that the evidence was insufficient to show that the words spoken by the defendant, referred to the evidence given by Coons on the trial before the justice. The evidence upon this point was sufficient to send the cause to the jury. The question put to Mott, as to the manner of the defendant, when he asked the plaintiff to step out and settle their matter, was not objectionable. The question was not as to a mere matter of opinion, which was the ground of the objection to the question, assigned by the defendant.

Was the plaintiff, in order to sustain his action, bound to prove the materiality of the evidence given by him on the trial before the justice?

In *Jacobs* v. *Fyler*, (3 *Hill*, 572,) this identical question was raised, under circumstances similar to those in this case. In that case the plaintiff, in his declaration, set forth a suit tried at a circuit court, and averred that he was sworn on the trial of that suit, and gave material testimony. He proved the existence of the suit, and that after it had been tried the defendant said that " he [the plaintiff] had sworn false and ought to be dealt with in the church ;" and that on another occasion, referring to the suit, he said that the plaintiff had " sworn false, to his injury of six or seven hundred dollars." The defendant took the objection, on the trial, that the materiality of the testimony had not been shown. The supreme court held that the plaintiff was not bound to prove this fact affirmatively. I understand this decision to have been made, irrespective of the question whether the words in themselves amounted to a charge of perjury. Cowen, J. says, at p. 573, "as a general rule it is to be intended that what a witness has sworn to, is material; and when he is charged with having sworn falsely, in a judicial proceeding, the charge imports perjury." " If the defendant means to escape, on the ground that the plaintiff's

Coons *v.* Robinson.

testimony was in truth immaterial, and so not perjury, he must show that fact on his part." "The plaintiff is sworn as a witness. The defendant says he swore falsely. No hearer can presume that he had been telling an idle story having no connexion with the cause, for no court would listen to such a story; and therefore the charge must be interpreted as one of perjury." The chancellor expresses similar views in the case of *Power* v. *Price,* in the court of errors, (16 *Wend.* 454.) In that case the charge was, that the plaintiff had sworn falsely on a trial in a suit in court. The chancellor held that, where the words were such as would naturally be understood to impute the crime of perjury, and to convey the impression that the defendant intended to impute such crime, it was not necessary for the plaintiff to prove affirmatively that the testimony given by him was material; but that it was incumbent on the defendant to prove the immateriality of such testimony, and that he did not intend to impute perjury to the plaintiff. The chancellor also held, that the rule was the same where the defendant referred to a particular part of the plaintiff's testimony; if there was nothing stated from which the hearers could suppose, that this part of the testimony had nothing to do with the suit in which the plaintiff was sworn as a witness. The chancellor's opinion was the prevailing opinion in this case, in the court of errors, and we have a right to infer that the majority of that court concurred in the views expressed by him. In the same case in the supreme court, (12 *Wend. Rep.* 502,) Judge Nelson concedes, where the charge is general, and proof is adduced that the plaintiff was a witness and gave evidence on the trial of a cause, that the law will presume that some part of his testimony was material. In *Niven* v. *Munn,* (13 *John.* 48,) where the declaration was in slander for charging the plaintiff with swearing to a lie as a witness on a trial in a justice's court, in which it was not stated that the justice had jurisdiction, or that the testimony was given upon a material point, the court, on motion in arrest of judgment after verdict, held that the declaration was good. A like decision was made in *Sherwood* v. *Chace,* (11 *Wend.* 38.) In *Rouse* v. *Ross,* (1 *Id.* 475,) the defen-

dant proved that the testimony of the plaintiff, referred to by the defendant, was immaterial, and the words charging the plaintiff with false swearing, were therefore held not to be actionable. In *Crookshank* v. *Gray*, (20 *John.* 344,) the question did not arise, whether the plaintiff was bound to prove affirmatively the materiality of the part of the testimony charged by the defendant to have been false. But the fact appearing on the trial, that such testimony was immaterial, the court held that the words were not actionable. The remark of Justice Woodworth, in that case, that as the defendant only spoke of a part of the plaintiff's evidence, " it became necessary for the plaintiff to show that this was material on the trial," was obiter dictum.

I think these authorities sustain the decision of the learned circuit judge, that the plaintiff was not bound to show affirmatively, the materiality of his testimony before the justice. The same authorities sustain the ruling of the judge in rejecting the evidence offered by the defendant, that the defendant's charge referred to the plaintiff's cross-examination, and that the testimony he gave on such cross-examination was immaterial, unless the defendant proposed to prove that his charge was confined to the evidence given on such cross-examination. If the defendant's charge was general, the persons in whose presence and hearing it was made, must have understood it as relating to the whole evidence given by the plaintiff, and if any part of that evidence was material, they would naturally have understood the charge as imputing the crime of perjury. The injury to the plaintiff would be the same, whether the charge was intended by the defendant to be general, or only to relate to a part of the testimony which was immaterial, if it was not, when made, limited to such immaterial testimony, and if it was understood by the hearers to refer to the whole testimony.

If the plaintiff was not bound to show affirmatively the materiality of his testimony, then the judge was correct in charging the jury " that the law presumed the testimony was material unless the defendant proved it to be immaterial, which he had a right to do."

But I think the judge might have gone further than he did,

Coons v. Robinson.

upon the trial, and might have safely held that the words spoken by the defendant were actionable per se, as in themselves importing a charge of perjury, and that the plaintiff was, under his last two counts, entitled to a verdict, without proving the suit before the justice, or that the words referred to any suit in particular. As the first four counts contain a colloquium concerning the suit before the justice, and the evidence given by the plaintiff in such suit, although the words spoken by the defendant in themselves imputed perjury to the plaintiff, the action could not be sustained upon those counts, without proof of such suit. (*Emery* v. *Miller*, 1 *Denio*, 208.) But the last two counts charge the speaking of the words without any colloquium concerning the suit before the justice. Under these counts, therefore, if the words were actionable per se, the plaintiff was entitled to recover without any proof of the suit before the justice, or that the plaintiff was sworn as a witness therein, or that he gave material testimony on the trial of such suit. The words spoken by the defendant were : " He (the plaintiff) had sworn to a lie and done it meaningly to cut his (defendant's) throat." In *Jacobs* v. *Fyler*, (3 *Hill*, 572,) the words were, " He has sworn false to my injury six or seven hundred dollars." And Cowen, J. held that these words per se imported perjury. I do not see any material distinction between a charge that a person " swore false to my injury six or seven hundred dollars," and a charge that " he swore false meaningly to cut my throat." If the charge referred exclusively to immaterial testimony, I cannot well see how the plaintiff Coons could have given such testimony "*meaningly*" to cut the defendant's throat. If the plaintiff's testimony was immaterial, or extra judicial, the charge was entirely innoxious and could inflict no possible injury on the defendant. The charge against the plaintiff must therefore necessarily import a wilful false oath, as to a material point in a judicial proceeding. If so, it imputes the crime of perjury. It imports a wilful false oath, because it charges that the plaintiff took the false oath "*meaningly*." It imports an oath as to a material point in a judicial proceeding : otherwise it could not have injured the defendant. And such a charge

Coons v. Robinson.

would naturally be understood as imputing the crime of per-·jury, and would naturally convey the impression that the defendant intended to impute such crime. In actions of slander, the words spoken are to be understood according to their plain and natural import; according to the ideas they are calculated to convey to those to whom they are addressed. Courts and juries will understand them in the same way that other people would. Where words are of doubtful signification, it is the province of the jury to determine in what sense they were used. Both judges and juries will understand words in that sense which the author intended to convey to the minds of the hearers, as evidenced by the whole circumstances of the case. (*Demarest* v. *Haring*, 6 *Cowen*, 87. *Goodrich* v. *Woolcott*, 3 *Id.* 239. *Ex parte Bailey*, 2 *Id.* 479.)

In *Pelton* v. *Ward*, (3 *Caines*, 76,) the court held, that words charging the plaintiff with "swearing knowingly to a lie for which he stood indicted," imputed the crime of perjury. Spencer, J. in that case said, "The words can mean nothing less than perjury; for it was an allegation that the plaintiff had knowingly sworn to such a lie as rendered him obnoxious to an indictment, which could only be for perjury." In *Fox* v. *Vanderbeck*, (5 *Cowen*, 513,) it was proved that the defendant interrupted the plaintiff while giving his testimony as a witness before a justice; that he required the justice to be particular in keeping minutes of the testimony; that he afterwards demanded the minutes of the justice, and said he wanted them to prosecute the plaintiff for perjury; and that on another occasion he said the plaintiff swore false, or to what was not true, and that he thought he should prosecute him for perjury. These words the court decided were actionable per se; that " they were calculated to convey to the mind of the ordinary hearer the imputation upon the plaintiff of the crime of perjury." In *Gillman* v. *Lowell*, (8 *Wend.* 573,) it was held, that the words "He has sworn falsely and I will attend·to the grand jury respecting it," were actionable in themselves, "as necessarily containing an assertion that the plaintiff had committed the crime of perjury." In *Sherwood* v. *Chace*, (11 *Wend.* 38,) the court decided that

these words "I cannot enjoy myself in a meeting with Sherwood, for he has sworn false and I can prove it, and if you do not believe it you can go to Esquire Bassett and see it, in a suit between Sherwood plaintiff and Brown defendant," were actionable in themselves, as importing a charge of perjury. Savage Ch. J. in this case remarks, that "a charge of false swearing is actionable, when it necessarily conveys to the mind of the hearer an imputation of perjury." So in the principal case, the words spoken by the defendant necessarily conveyed to the minds of the hearers an imputation of perjury; and they are therefore actionable per se.

The motion for a new trial must be denied.

