## SUPREME COURT.

### CHARLES WALRATH agt. ABRAHAM NELLIS.

The words spoken and complained of in the action of slander in this case, were: " I would not swear to what Charles Walrath has, for the town of Palatine or county of Montgomery,—Peter J. Wagner is honestly mistaken, but Charles Walrath is wilful." *Held*, that no innuendo was necessary.

No one could fail to be impressed with the distinction intended to be made between the two men. One was *honestly mistaken* in swearing, while the other had sworn *wilfully*, and that the whole town of Palatine, or the whole county of Montgomery, would be no consideration for such swearing. The words import *perjury*.

*Schenectady General Term, January,* 1859.

*Present,* C. L. ALLEN, JAMES, ROSEKRANS *and* POTTER, *Justices.*

THE complaint avers the uttering of these words with reference to the plaintiff's testimony, in a suit pending before a justice of the peace, viz: " *P. J. W. is honestly mistaken, but you are wilful,*" with similar expressions, varying the reference to the plaintiff from the *second* to the *third* person.

It was distinctly alleged that " P. J. Wagner," the first individual referred to, had been a witness in the same cause, and

that by this charge the defendant meant that the plaintiff was "wilful in his testimony," so rendered; and that he designed to have it understood that the plaintiff had committed *perjury*. The same count contains this alleged remark, made by the defendant: "I would not swear to what Charles Walrath has, for the town of Palatine, or county of Montgomery."

The defendant interposed a general demurrer to this count of the complaint.

H. SACIA, *for plaintiff*.
GEO. YOST *and* A. BOCKES, *for defendant*.

By the court—POTTER, Justice. If the words charged in the first count of the complaint are actionable *per se*, the omission in the *innuendo*, that the words were understood by those who heard them, in a sense to make them actionable, is entirely immaterial.

This allegation is only necessary where the words are either ambiguous, ironical or insinuated. Words in the latter sense, are equally actionable as if made in direct terms; but in pleading in such cases, it is necessary to aver that the defendant, by means of the words so insinuated or so ironically or ambiguously spoken, meant to be understood by the hearers, and *was* understood, as charging the plaintiff with the crime imputed. (*Gibson* agt. *Williams*, 4 *Wend.* 320; *Andrews* agt. *Woodmansa*, 15 *Wend.* 232; 5 *East*, 463.)

In the words charged in this case, there is nothing ironical, nothing insinuated, and I can see nothing ambiguous in them, if we take them all together; and they are all charged as being spoken at the same time. The court will always hold upon *demurrer* in actions of slander, that words are to be understood according to their natural import and according to the ideas that they are calculated to convey to the ordinary mind. Whenever words which would otherwise be regarded as ambiguous, are accompanied with a key or explanation of the intent of the utterer, that conveys to the mind of the hearer the imputation of crime, no innuendo is necessary. As for in-

stance, to charge that the plaintiff " has sworn to a lie," would not be actionable; but adding the key to it, " he has sworn to a lie, and done it *meaningly* to cut my throat," was held actionable, *per se*. (*Coon* agt. *Robinson*, 3 *Barb*. 625.) "He has sworn false," would not be actionable, but " he has sworn false to my injury six or seven hundred dollars," it was held, per COWEN, J., imputed perjury, *per se*. (*Jacobs* agt. *Tyler*, 3 *Hill*, 572.) "He has sworn false, and I will attend the grand jury respecting it," is slander *per se*. (*Gilman* agt. *Lowell*, 8 *Wend*. 573.)

No innuendo in this case was necessary. The words are : " I would not swear to what Charles Walrath has, for the town of Palatine, or county of Montgomery. Peter J. Wagner is honestly mistaken, but Charles Walrath is wilful." Is there any ordinary mind that would fail to be impressed with the distinction intended to be made between the two men ? One was *honestly mistaken* in swearing, while the other had sworn *wilfully*, and that the whole town of Palatine or the whole county of Montgomery, would be no consideration for such swearing.

As it strikes my mind, these words import perjury, and the complaint is, therefore, good.

The order of the special term should be affirmed. Order affirmed.