Kern *v.* Towsley.

---

## KERN *vs.* TOWSLEY.

If words are spoken of a person charging him, in express terms, with the crime of perjury, they are actionable without proof of any extrinsic facts to show their meaning. Such words necessarily import that the person charged has sworn falsely upon a material point, in a judicial proceeding before a court or officer of competent jurisdiction.

So if the words uttered, although not charging perjury in express terms, *necessarily* imply that offense.

In like manner, if the words used to express the charge, are such, in the sense in which they would naturally be understood, as to convey to the minds of those to whom they are addressed, the impression that the plaintiff has

committed perjury, and that the defendant intended to be so understood by those who heard him, such words will, of themselves, warrant a verdict for the plaintiff, in case the jury find that they were uttered with the intention above stated, and were so understood.

The defendant, on being reminded by the plaintiff of a law suit which he, (the defendant,) had recently lost, said, "Yes, your false swearing at that trial." Being told that he had better not accuse the plaintiff, again, of swearing false, he said: "Any man who professed to be a Christian, as you do, and went into the box and swore false as you did, at that trial, had better join the church once more," &c. The charge of swearing false, in the suit, was repeated five or six times. The defendant also said that "The folks who belonged to the church and built tall steeples thought they could swear false, or do any thing they had a mind to." *Held*, that the slander admitted that a suit was pending, and it was to be intended that what the plaintiff swore to was material; and that the words were sufficient to warrant a finding in favor of the plaintiff, without proof that the suit was in a court of competent jurisdiction, or that the plaintiff swore falsely with a corrupt intent.

No question can arise upon a bill of exceptions, as to the sufficiency of the complaint, where testimony offered by the plaintiff is received without objection, and the defendant's counsel does not suggest that the complaint is insufficient, until after the plaintiff has proved his case and rested.

At that stage of the trial, the defendant may raise the question as to the sufficiency of the complaint, by a motion to strike out so much of the testimony as tends to prove matters not alleged in the complaint.

Defects in the complaint may be stated as a ground for a motion for a nonsuit; but if the testimony given without objection is sufficient to establish a cause of action, the motion should be denied.

THIS was an action for slander. The words complained of are set forth in the opinion of the court. On the trial, before Justice E. D. Smith and a jury, after the plaintiff had proved the uttering by the defendant of the words, as charged, and rested, the defendant moved for a nonsuit upon the following grounds, viz:

1st. That the complaint did not state a cause of action for the reason that the words were not actionable in themselves, and there was no colloquium alleging the existence of an action before a court of competent jurisdiction, or that the plaintiff was a witness duly sworn, and gave material testimony, or that the words spoken referred to such testimony.

Kern *v*. Towsley.

2d. That the plaintiff's evidence entirely failed to prove a cause of action, for the reason that there was no proof of the existence of a suit in a court of competent jurisdiction, or that the plaintiff was ever sworn as a witness in any suit, or gave evidence in any suit which was material, or that the words used by the defendant had reference to any suit.

3d. That the words spoken were not actionable in themselves, and no collateral circumstances were proved to make them actionable.

The court denied the motion for a nonsuit, and the defendant's counsel duly excepted to such ruling.

The defendant's counsel then asked the court to charge the jury that the plaintiff could not recover unless there was positive proof before them that there was a suit in existence in a court that had jurisdiction and a right to swear witnesses, and that the plaintiff was sworn and gave testimony material to the issue. The court so charged; saying, however, that the jury might infer that, from the conversation of the parties, without other proof. The defendant excepted.

The defendant's counsel then further requested the court to charge the jury that there must be proof of the existence of the suit, and of the plaintiff's being a witness and giving material evidence, aside from the conversation between the parties. The court declined so to charge, and the defendant's counsel duly excepted.

The jury then retired, and found a verdict for the plaintiff for $500, which was duly entered in the minutes of the clerk.

Whereupon, on motion of the defendant, the court ordered a stay of proceedings for sixty days, to enable the defendant to prepare a case and exceptions on which to move for a new trial, and ordered that such exceptions be heard in the first instance at general term.

Kern *v.* Towsley.

*C. H. Weed*, for the plaintiff. I. The words used, contain no doubtful meaning; no bystander could mistake their import. They imply perjury—the charge is perjury with reference to evidence given on the trial. Persons would so ordinarily understand it, and that the suit was lost by the plaintiff's false swearing in the suit. The jury found, as a question of fact, that the language imported perjury, which is conclusive. The words are to be taken in their natural meaning. Bystanders would naturally understand them to import a crime, as strong as the English language can express it. (*Dias* v. *Short*, 16 *How.* 322. 33 *Barb.* 618. 42 *id.* 326.) The 164th section of the Code was intended to change the old rule of pleading in actions of this character, and says it shall be sufficient to state generally that the words were published or spoken concerning the plaintiff. This complaint charges that the words were spoken of the plaintiff, and in the language of the section. It alleges all those extrinsic facts which are essential to show that the words used had reference to material testimony given by the plaintiff in a legal proceeding, with a statement of the time and place where the words were spoken, and with reference to a suit. It charges a crime, an indictable offense. The usual practice is for the defendant to demur, where the complaint is defective upon its face, and the intent of the 144th section of the Code is that such a course should be pursued. This complaint would have been held good on demurrer. (*Wesley* v. *Bennett*, 5 *Abb.* 498. *Walrath* v. *Nellis*, 17 *How. Pr.* 72.)

II. It was unnecessary to allege that there was a suit; that the plaintiff was sworn on the trial and gave material evidence; for the words used by the defendant admitted it. The words admit there was a suit between the parties; that the plaintiff was sworn in the suit; that the plaintiff gave material evidence; that there was a court of competent jurisdiction; by the defendant saying that "by your

Kern *v.* Towsley.

false swearing I lost the suit." The charge of going into the box to swear false, implies, if not admits, and charges that he did it willfully. This was not mere idle talk of the defendant. He meant that the plaintiff was guilty of perjury; that those who heard him should so understand it. These words explain themselves. It is unnecessary to allege or prove that which is admitted. (*Jacobs* v. *Fyler*, 3 *Hill*, 572.)

III. The words charge crime, and *per se* import perjury, as strong and with as much certainty as any words can be used in the English language, and are actionable in themselves. The charge is made with reference to evidence given on a trial. There being a charge of false swearing in a suit, the rest is presumed. (20 *John*. 344, 351. 11 *Wend*. 38. 8 *id*. 573. 6 *John*. 82. 25 *Wend*. 413.) Had the words complained of been, " You have perjured yourself," there could be no question; for it is then presumed and well settled that everything took place before a court of competent jurisdiction. The same thing is here expressed, only in different language. The court having left the fair interpretation and meaning of the words and language used by the defendant, to the jury, and they having found the defendant did charge the crime of perjury against the plaintiff, the verdict aids any defect in the pleading, even if any such averment was necessary. (16 *How. Pr.* 322.)

*Burton & Ten Eyck*, for the defendant. I. The complaint does not state a cause of action. This point was raised at the trial, and the court sustained it and offered to allow the plaintiff to amend his complaint on payment of costs, which he declined to do, whereupon the court decided to let him go on at his own risk and give his proofs. The motion for a nonsuit was renewed at the conclusion of the plaintiff's evidence, and denied. This was error. The words alleged in the complaint are not

actionable *per se.* (*Vaughan* v. *Havens,* 8 *John.* 107. *Crook-shank* v. *Gray,* 20 *id.* 344. *Ward* v. *Clark,* 2 *id.* 9. *Stafford* v. *Green,* 1 *id.* 505. *Phincle* v. *Vaughan,* 12 *Barb.* 215. *Ayres* v. *Covill,* 18 *id.* 260.) And there is no colloquium containing the proper averments to make them actionable. The charge contained in the complaint is one of false swearing. The plaintiff alleges that the defendant said of and concerning him: ".You swore false in the suit I had with you a few days ago in the county court, you would not have beat me had you not sworn false on that trial." This is the substance of the charge, and certainly these words contain nothing which fairly and naturally import that the defendant meant to charge the plaintiff with the crime of perjury. There is no allegation that he had made himself amenable to any of the pains. or penalties attached to the crime of perjury by false swearing, but unless this meaning can be attached to these words, they are not actionable *per se.* The rule formerly was that when alleged slanderous words require a knowledge of extrinsic facts, either to show their meaning or their application to the plaintiff, all such facts must be averred in the pleadings and proved. (*Miller* v. *Maxwell,* 16 *Wend.* 9.) The only change made by the Code in this respect, is to dispense with such averment of extrinsic facts as merely show the applicability of the slander to the plaintiff. (*Code,* § 164. 5 *How. Pr.* 171. 6 *id.* 99.) It is still necessary, as it formerly was, to aver and prove any facts necessary to explain the meaning· of the words used. (*Dias* v. *Short,* 16 *How. Pr.* 322. *Kinney* v. *Nash,* 3 *Comst.* 177.) But in this case there are no averments or proof that a suit was ever in existence in any court of competent jurisdiction, or that the plaintiff was sworn as a witness in any action and that the words alleged referred to his testimony in any action. If it shall be claimed that the words themselves import the crime of perjury, inasmuch as they refer to a suit in the county

Kern *v.* Towsley.

court between the parties, then we answer that the county court is not a court of original jurisdiction, and for ought that appears, the suit referred to may have been one which the county court had no jurisdiction to try, and false swearing in a court of competent jurisdiction, is not always perjury, and if it is claimed that the words, "You would not have beat me had you not sworn false," import perjury, then we say this cannot be so, because the false swearing would have the same effect whether it was done innocently or corruptly in a way to make it perjury. The misstatement of facts would be the same and have the same effect on the result of the action from whatever motive it was done, whether good or bad, and yet in the one case it would not be perjury, and in the other it would. It is sufficient, however, that the plaintiff has chosen to designate a court not of original jurisdiction and has entirely neglected to aver or prove any facts showing jurisdiction of the particular action referred to by him. Nothing can be claimed by the plaintiff on account of the inuendoes contained in the complaint. The office of an inuendo is to connect the words spoken with persons or facts previously mentioned, and being merely explanatory, cannot supply the sense of words, enlarge their meaning, or supply or alter them when they are deficient. Any defect, therefore, in the inuendo, such as that it is not supported by the prefatory extrinsic facts, or that it enlarges their meaning, or alters them, or substitutes other words in their place, is a defect on the face of the pleading. This rule, requiring the preliminary statement of extrinsic facts to support an inuendo, is as indispensible now as under our former system. (*Blaisdell* v. *Raymond,* 14 *How. Pr.* 267. *Caldwell* v. *Raymond,* 2 *Abb.* 193. *Fry* v. *Bennett,* 5 *Sandf.* 65.) The case of *Jacobs* v. *Fyler,* (3 *Hill,* 574,) cited in the court below, and relied upon by his honor to sustain the charge given, does not go to the extent claimed, and besides has been virtually overruled in

the subsequent case of *Emery* v. *Miller*, (1 *Denio*, 208.) There is, however, a broad distinction between the case of *Jacobs* v. *Fyler* and this case. In the former case there was a proper colloquium in the complaint, and the only question was as to the sufficiency of the proofs to sustain the averments of the complaint, while in this case the point is that there are no averments in the complaint sufficient to make the words actionable. The cases are therefore not analogous.

II. No cause of action was proven on the trial. The words proven are not actionable in themselves, as we have before shown, and can only be made so by averring and proving extrinsic facts and circumstances to point their meaning. In all cases in which words of the tenor of those proven in this action have been held actionable *per se* they were connected with some suit or proceeding in which perjury might have been committed. This will be evident from an examination of the cases relied upon by the plaintiff, and others not cited, in all of which the charge in some way pointed to the crime of perjury. In no case have such words standing alone been held actionable *per se*. But it will be observed that in the words proven, the defendant nowhere refers to a court, nor does he intimate in any way that the plaintiff by false swearing has become liable to any of the pains or penalties of the crime of perjury, and yet is the very point upon which this class of cases turn, viz. whether or not the defendant designed, and his words naturally import, that the plaintiff had committed perjury. If they do not, then they are not actionable *per se*. There being no such natural import in the words proven and no proof of extrinsic facts to point them ; no cause of action is proven. (*See cases before cited.*)

III. The exceptions taken by the defendant to the charge of his honor in the court below, were valid, and should be sustained. The portions of the charge excepted

to, leave the jury to infer the existence of a suit between the parties in a court of competent jurisdiction and that the plaintiff was duly sworn on such suit and gave material testimony, of which facts there was no proof before them. Such a doctrine would be a gross perversion of justice, and overturn all the well settled principles of evidence. Whether or not there had been a suit between the parties in which the plaintiff had been sworn as a witness, was a question of fact, and should be proved in the same way as any other question of fact, and could no more be inferred by the jury, than the speaking of the words themselves. To allow juries to infer such facts without evidence before them, would be giving to juries an *arbitrary power* to manufacture testimony to an unlimited extent, because if they have a right to infer the existence of one fact of which there is no proof before them, they have of another, and in that way the most monstrous injustice could and would be perpetrated under the forms of law. The only inferences which juries have a right to draw, are inferences from the evidence before them. For instance; if the plaintiff in this action had proved by competent testimony the existence of a suit between the parties, and that the plaintiff was duly sworn and gave material testimony on such suit, and that he had then proved the speaking of the words as he did prove them, then it would have been the province of the jury to say what the defendant meant by the use of the words and whether they were designed to apply to the plaintiff, and to charge him with the crime of perjury. This is the only kind of inference juries have any right to draw, and they must be from the evidence before them, and not from their own imaginations. The distinction between the case supposed and the one actually before us is very broad and clear, and seems reasonable and proper, and if adhered to will ·clear this case from all doubt or perplexity.

IV. The verdict should be set aside, and a new trial granted. The plaintiff, however, should pay the costs of this appeal, and in case the court allow him to amend his complaint, he should pay the costs of the former trial also, for not availing himself of the permission to amend his complaint in the court below, which would have saved the necessity of this appeal.

*By the Court*, JAMES C. SMITH, J. If words are spoken of a person, charging him in express terms, with the crime of perjury, they are actionable without proof of any extrinsic facts to show their meaning. Such words necessarily import that the person charged has sworn falsely, upon a material point, in a judicial proceeding before a court or officer of competent jurisdiction. So, if the words uttered, although not charging perjury in express terms, *necessarily* imply that offense. (3 *Cai.* 73. 5 *Cowen,* 513. 8 *Wend.* 573.) In like manner, if the words used to express the charge, are such, in the sense in which they would naturally be understood, as to convey to the minds of those to whom they are addressed, the impression that the plaintiff had committed perjury, and that the defendant intended to be so understood by those who heard him, such words will of themselves, warrant a verdict for the plaintiff, in case the jury find that they were uttered with the intention above stated and were so understood. (*Power* v. *Price,* 16 *Wend.* 450.) In neither of the cases above supposed, is it necessary to give any other evidence of the fact that a suit was pending, or that the plaintiff was sworn, than is contained in the words themselves. (*Jacobs* v. *Fyler,* 3 *Hill,* 572. *Opinion of Beardsley, J. in Emery* v. *Miller,* 1 *Denio,* 208.)

In the present case the plaintiff testified respecting the words, and the occasion when they were spoken, as follows:

Kern· *v.* Towsley.

"I met defendant and demanded of him a bed that he refused to give up.   I told him I should sue ,him for it," and said, " I should not think you would want another law suit, for you have lost the one you have just had." Then he said, "Yes, your false swearing at that trial." "I then told him he had better not accuse me again of swearing false."   Then he said, " Any man who professed to be a Christian, as you do, and went into the box and swore false as you did at that trial, had better join the church once more," or " a few times more."   After that he repeated five or six times in the same conversation that I had sworn false in the suit.   Once he said " that the folks who belonged to the church, and built tall steeples, thought they could swear false, or do any thing they had a mind to."

Here, as was said in *Jacobs* v. *Fyler*, the slander admits, that a suit was pending; and it is to be intended that what the plaintiff swore to was material.   The defendant's counsel urges that there is no evidence that the suit was in a court of competent jurisdiction, or that the plaintiff swore falsely with a corrupt intent.   Upon those points, however, the words themselves are sufficient to warrant a finding in favor of the plaintiff, under the rules above stated.   The cause was submitted to the jury in accordance with these views.

No question arises upon the bill of exceptions, as to the sufficiency of the complaint.   The testimony was received without objection, and the defendant's counsel did not suggest that the complaint was insufficient, until after the plaintiff had proved his case and rested.   The defendant's counsel might then have raised the question as to the sufficiency of the complaint, by a motion to strike out so much of the testimony as tended to prove matters not alleged in the complaint, but he omitted to do so.   The supposed defects in the complaint were stated as a ground

for the motion for a nonsuit, but as the testimony given without objection was sufficient to establish a cause of action, that motion was properly denied.

The plaintiff is entitled to judgment on the verdict.

Judgment for the plaintiff.

[MONROE GENERAL TERM, December 2, 1867. *J. C. Smith, E. D. Smith* and *Johnson,* Justices.]