The defendant was lessee of the plaintiff of the hotel comprising the old Prescott House and an adjoining house, Ho. 97 Spring street, occupied as part of the hotel; and, the plaintiff being desirous of taking down the houses 97 and 99 Spring street, the defendant relinquished possession of 97 Spring street, on receiving from the plaintiff, on April 28,1871, a new lease, by which the old hotel building, and the five upper stories of the new building to be erected on the lots 97 and 99 *9 Spring street, were demised to Mm for eight years from May 1,1871, at the yearly rent for the whole, of twenty-two thousand five hundred dollars, payable quarterly, the new building to be finished and possession thereof to be given to the defendant, on or before September 1, 1871. The lease contained a covenant by the plaintiff for quiet enjoyment. Through default of plaintiff, the new building was not finished nor possession given to the defendant till after ¡November 1, 1871.
TMs action was brought to recover five thousand six hundred and twenty-five dollars, for one quarter’s rent reserved by said lease, from August 1 to November 1, 1871. The defense was the neglect, delay and refusal of the plaintiff to finish or give possession of the five upper stories of the new building, containing sixty rooms, till long after November 1, 1871.
Before this action came on for trial, the defendant, by leave of court, put in a supplemental answer, setting up the fact that the defendant recovered a judgment against the plaintiff in this court for his damages in an action in which Hexter had alleged a breach of several of the covenants of the lease, among others, of the covenant to finish and give possession of the new buildings, and Knox had set up in his answer a counter-claim for the rent sued for in the present action.
At the trial, the jury, under the direction of the court, rendered a verdict for the plaintiff for the amount of a quarter’s rent and interest.
By the Court.—Curtis, Ch. J.
The recovery by the defendant, Hexter, of damages in a former suit against Knox, for the latter’s default in not giving him in time, the possession of a portion of the demised premises, does not render Hexter liable for rent of that portion of which he was thus deprived by Knox. The result of sustaining such a liability would be, that if *10 Hexter, never having had possession at all, had recovered damages from Knox for withholding the possession, he would still be liable to, Knox for rent.
The verdict and judgment record in the former action do not operate as a bar to the prosecution of the plaintiff’s claim in the present action. It is true, the present plaintiff, Knox, set up in the former action this very claim for rent by way of counter-claim against the present defendant Hexter, but this counter-claim was withdrawn during the trial, and was in no respect submitted to, or passed upon by the court or jury. On the contrary, the court expressly charged the jury, that they had nothing to do with it, and it is shown that neither the judgment record nor the verdict embraced this claim. From these circumstances, it accords with justice, and the decisions of the courts, that the plaintiff should not be deprived of prosecuting his present claim, by reason of the proceedings in the former action (East New York & J. R. Co. v. Elmore, 53 N. Y. 524; Kerr v. Hays, 35 Id. 331; Wood v. Jackson, 8 Wend. 1; Foster v. Milliner, 51 Barb. 385; Burwell v. Knight, 50 Id. 267).
In the present action, the plaintiff sues to recover a quarter’s rent, during two months of which quarter, the defendant was deprived of the possession of a part of such premises, by the default of the landlord in not having them completed for occupation. The defendant entered into possession of the residue, and also of the remaining portion, when completed, and occupied the whole, and thereafter paid the rent for the succeeding quarters. The case is not one where the lessor evicts the tenant from a part of the premises, or where a part is recovered by title paramount to the lessor’s, nor is it a case where rent is suspended, until possession of such part from which the tenant is wrongfully evicted is restored by the lessor, because, in the present case, there has been no possession by the lessee of the part *11 withheld or eviction by the lessor, that can be a basis for a restoration by the latter.
In the case before us, it seems a harsh rule, that would compel the tenant to pay rent for that part of the premises he has not been able to occupy by reason of the landlord’s default, and at the same time, it would be equally severe to hold that where the tenant does not refuse, but takes possession of the premises agreed to be leased, that the default of the landlord should utterly bar his action upon the contract.
The rule of law is not so inequitable, as to either party. The tenant has the right to insist that unless he can have the whole premises, he will pay nothing, and take nothing; but if he occupies a part during the term, he becomes liable to pay, upon the principle of a quantum meruit, for that which he has actually enjoyed. This principle governed in Hurlbut v. Post, 1 Bos. 28, and is confirmed in Kelsey v. Ward, 38 N. Y. 83.
In this view of the question, the case below should have been allowed to go to the jury, as to what was the reasonable value of the part occupied.
The judgment appealed from should be reversed, and a new trial granted with costs to abide the event.
Speir, J., concurred.